Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000611
02-JUL-2015
08:00 AM

NO. CAAP-12-0000611

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WAYNE PEELUA, Plaintiff-Appellant,
v.
IMPAC FUNDING CORPORATION dba IMPAC LENDING GROUP, a California
Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
a Delaware Corporation; HAWAII FINANCIAL SERVICES CORP.; TERA
PALEKA; COUNTRYWIDE HOME LOANS, INC.; COUNTRYWIDE BANK, FSB;
COUNTRYWIDE FINANCIAL CORP.; DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT
RELATING TO IMPAC SECURED ASSETS CORP. MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2007-2; INDYMAC FEDERAL BANK, FSM; INDYMAC
LOAN SERVICES; BANK OF AMERICA; GMAC MORTGAGE CORPORATION;
and JOHN DOES 1-10, Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 10-1-0031)


MEMORANDUM OPINION
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Plaintiff-Appellant Wayne Peelua (Peelua) appeals from
a Judgment filed on June 20, 2012 by the Circuit Court of the
Second Circuit (circuit court).[1]  The Judgment dismissed all of
the claims asserted by Peelua in his First Amended Complaint and
was based on the circuit court's "Order Granting Defendants Impac
Funding Corporation, Countrywide Home Loans, Inc., Countrywide
Bank, FSB, Countrywide Financial Corp., Bank of America, Mortgage
Electronic Registration Systems, Inc. and Deutsche Bank National
Trust Company's Motion to Dismiss First Amended Complaint and to

_____

[1]  The Honorable Rhonda I.L. Loo presided.

Expunge Lis Pendens," which also was filed on the same day, June 20, 2012.

Peelua contends on appeal that the circuit court erred in ruling that the claims in his First Amended Complaint are barred by the doctrine of res judicata and that, therefore, the motion to dismiss should not have been granted.[2]

For the reasons set forth below, we affirm the Judgment as to Deutsche Bank but vacate as to the other defendants.

## I. Background

### A. Procedural History of This Case

Peelua initiated this lawsuit on January 21, 2010, when he filed his original complaint in the circuit court alleging federal and state law claims against the numerous defendants. The case was removed to the United States District Court for the District of Hawai'i (U.S. District Court). The U.S. District Court granted a Motion for Judgment on the Pleadings filed by some of the defendants and gave Peelua leave to amend with regard to specific counts. See Peelua v. Impac Funding Corp., Civ. No. 10-00090 JMS/KSC, 2011 WL 1042559 (D. Haw. Mar. 18, 2011). Peelua subsequently filed a First Amended Complaint asserting only state law claims. The U.S. District Court declined to retain supplemental jurisdiction and remanded the case back to the circuit court.

Upon remand to the circuit court, some but not all of the defendants named in the First Amended Complaint filed a Motion to Dismiss, asserting that res judicata barred Peelua's claims against them. These defendants argued that res judicata applied because there had been a final adjudication against Peelua in an ejectment action brought by Deutsche Bank National Trust Company, as Trustee Under the Pooling and Servicing Agreement Relating to Impac Secured Assets Corp. Mortgage Pass-Through Certificates Series 2007-2 (Deutsche Bank). The

___

[2] As discussed more fully *infra*, only some of the defendants filed the motion to dismiss, but the circuit court's judgment disposed of "all parties and all claims in this action."

2

defendants that filed the Motion to Dismiss are: Impac Funding Corporation dba Impac Lending Group, a California Corporation (Impac); Countrywide Home Loans, Inc., Countrywide Bank, FSB, and Countrywide Financial Corp. (Countrywide); Bank of America (BOA); Mortgage Electronic Registration Systems, Inc., a Delaware Corporation (MERS); and Deutsche Bank (collectively Moving Defendants).

The following defendants did not file or join in the Motion to Dismiss: Hawaii Financial Services, Corp. (HFS); Tera Paleka (Paleka); Indymac Federal Bank, FSM and Indymac Loan Services (Indymac); and GMAC Mortgage Corporation (GMAC).

The circuit court granted the Motion to Dismiss, ruling that Peelua's claims are barred by *res judicata* and dismissing the First Amended Complaint with prejudice. In its Judgment, which references the order granting the Motion to Dismiss, the circuit court stated that "[t]his Judgment disposes of all parties and all claims in this action."

### B. Peelua's First Amended Complaint

Peelua's First Amended Complaint alleges three causes of action, each against specific defendants. In Count I, Peelua alleges Negligence and Breach of Fiduciary Duty against HFS, Paleka and Impac. In Count II, Peelua alleges Unfair and Deceptive Trade Practices (UDAP), again against HFS, Paleka and Impac. In Count III, Peelua alleges Fraud against HFS, Paleka, Impac, BOA, Countrywide, and MERS.

Although the First Amended Complaint also identifies Deutsche Bank, Indymac, and GMAC as defendants,[3] it contains no allegations or claims asserted against these defendants.

---

[3] Deutsche Bank and Indymac are identified in the text of the First Amended Complaint, whereas GMAC is not. GMAC is solely referenced in the caption.

Additionally, it appears from the record that some of the defendants were never served with either the original complaint or the First Amended Complaint. Two such defendants – Deutsche Bank and MERS – nonetheless appeared in the case as part of the Moving Defendants who filed the Motion to Dismiss.

In Count I (Negligence and Breach of Fiduciary Duty), Peelua alleges that HFS and Paleka, in their capacity as licensed mortgage brokers and solicitors, and in concert with and as agents of Impac as lender, were negligent and breached fiduciary duties owed to Peelua when they induced him to sign two notes and two mortgages that refinanced an existing loan on his residential property. Peelua alleges *inter alia* that HFS, Paleka, and Impac failed to provide accurate information on a loan application, gave him misleading financial advice, withheld important information, knew it was not likely that he would be able to repay the loans, and arranged for the loans in order to generate fees for themselves.

In Count II (UDAP), Peelua similarly alleges that HFS, Paleka, and Impac gave him financial advice about the loans, developed a relationship of trust with him, took advantage of his inexperience in financial matters, and made the loans to him knowing he would likely not be able to repay them. He claims HFS, Paleka, and Impac engaged in unfair and deceptive practices by using false information and omitting true information concerning his financial condition in order to qualify him for the loans, by giving him erroneous financial advice, and by making the loans to him.

In Count III (Fraud), Peelua repeats his allegations against HFS, Paleka, and Impac. He also alleges that BOA and Countrywide made false statements to him that they should have known were false, to the effect that Peelua could reinstate his loan if he put $65,000 into escrow. Peelua alleges that, based on the false representations of BOA and Countrywide, he deposited $65,000 into escrow but that eventually BOA and Countrywide would not reinstate the loan. Peelua also alleges that MERS made false representations knowing that Peelua would rely on them.

As to all counts, Peelua claims that he suffered emotional distress, damage to his property and credit, loss of his home and equity, and additional monetary damages. Unlike his original complaint, Peelua's First Amended Complaint does *not*

allege that the prior non-judicial foreclosure or the prior ejectment action were improper. Peelua also does *not* seek to have title to the foreclosed property restored to him. Rather, his claims in the First Amended Complaint are for money damages.

### C. Non-Judicial Foreclosure and the Ejectment Action By Deutsche Bank

In the Motion to Dismiss filed on April 17, 2012, the Moving Defendants asserted that Peelua's claims in this case were barred by *res judicata* because his claims were either raised and/or should have been raised in the prior ejectment action brought by Deutsche Bank against Peelua. In that case, the Hawaiʻi Supreme Court issued an opinion on November 8, 2011, affirming a judgment ejecting Peelua from his home. Deutsche Bank Nat'l Trust Co. v. Peelua, 126 Hawaiʻi 32, 265 P.3d 1128 (2011) (Ejectment Action). Because the circuit court's ruling based on *res judicata* in this case rests on the litigation in the Ejectment Action, we take judicial notice of the records in the Ejectment Action. See Kaleikini v. Thielen, 124 Hawaiʻi 1, 5, 237 P.3d 1067, 1071 (2010). The background and claims involved in the Ejectment Action are as follows.

In November 2008, Peelua was notified that he was delinquent on his mortgage payments. Deutsche Bank subsequently filed a Notice of Mortgagee's Intention to Foreclose Under Power of Sale, and a non-judicial foreclosure sale was held in April 2009, resulting in the property being sold to Deutsche Bank.

When Peelua refused to vacate the property after the non-judicial foreclosure was completed, Deutsche Bank filed a verified complaint for ejectment against Peelua on July 14, 2009, in the District Court of the Second Circuit, Lahaina Division (district court) (Civil No. 09-1-1872). Peelua filed an answer and a motion to dismiss Deutsche Bank's complaint, alleging that the district court lacked jurisdiction over the matter because the action was "a real action and one in which title to real estate is involved[,]" and also stating as an affirmative defense that Deutsche Bank's claim was void or voidable "as they are a

5

result of violations of the law and illegal acts, and they are a result of fraud, coercion and/or duress." After a trial, the district court issued a judgment for possession and a writ of possession in favor of Deutsche Bank on November 18, 2009.

Peelua appealed from the district court's judgment. The specific issue on appeal in the Ejectment Action was whether an affidavit submitted by Peelua, attached to his motion to dismiss the Ejectment Action, had sufficiently raised a question of title to real estate such that the district court lacked jurisdiction pursuant to Rule 12.1 of the District Court Rules of Civil Procedure (DCRCP)[4] and HRS § 604-5 (Supp. 2014).[5] In the appeal, this court ruled that Peelua had raised an issue of title and thus the district court did not have jurisdiction. Deutsche Bank Nat'l Trust Co. v. Peelua, No. 30225, 2011 WL 1909111 at *1, 125 Hawai'i 240, 257 P.3d 253 (App. May 17, 2011) (SDO). However, Deutsche Bank sought further review from the Hawai'i Supreme Court, which ultimately ruled that Peelua's affidavit "neither included specificity or detail regarding the source, nature, and extent of title claimed nor other particulars that would fully apprise the [district court] of his claim to title[,]" and thus the supreme court held that the district court

---

[4] DCRCP Rule 12.1, entitled "Defense of Title in District Courts," provides:

> **Pleadings.** Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

[5] HRS § 604-5(d) provides in pertinent part that "[t]he district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question[.]"

properly exercised jurisdiction in the Ejectment Action. Deutsche Bank, 126 Hawai'i at 33, 265 P.3d at 1129.

## II. Standards of Review

In this case, the circuit court granted the Defendants' Motion to Dismiss, brought pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 12(b)(6), for failure to state a claim. Although there are documents attached to the Motion to Dismiss, the documents relevant to the Motion to Dismiss are simply the declaration of Moving Defendant's counsel regarding attached exhibits and the exhibits, which consist of documents from the Ejectment Action, of which, as indicated above, we take judicial notice. Therefore, the attached documents do not convert the motion to a summary judgment motion. Rosa v. CWJ Contractors, Ltd., 4 Haw. App. 210, 215, 664 P.2d 745, 749 (1983) (attaching an affidavit that essentially presented no material facts did not convert a motion to dismiss into a motion for summary judgment); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (stating that "[o]n a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings").

We thus review the circuit court's ruling de novo under the motion to dismiss standard. Cnty. of Kaua'i ex rel. Nakazawa v. Baptiste, 115 Hawai'i 15, 24, 165 P.3d 916, 925 (2007); Ellis v. Crockett, 51 Haw. 45, 55, 451 P.2d 814, 821 (1969) (holding that where res judicata appears from prior interrelated proceedings alluded to in the complaint, the defense can be raised by a motion to dismiss).

> A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. [This court] must therefore view a plaintiff's complaint in a light most favorable to him or her in order to determine whether the allegations contained therein could warrant relief under any alternative theory. For this reason, in reviewing [a] circuit court's order dismissing [a] complaint ... [this court's] consideration is strictly limited to the allegations of the complaint, and [this court] must deem those allegations to be true.

Baptiste, 115 Hawai'i at 24, 165 P.3d at 925 (citation and block format omitted).

7

Further, the application of *res judicata* is a question of law. E. Sav. Bank, FSB v. Esteban, 129 Hawaiʻi 154, 157, 296 P.3d 1062, 1065 (2013). "Questions of law are reviewed de novo under the right/wrong standard." Id.

### III. Discussion

In this appeal, we must determine whether the circuit court was correct in dismissing all of Peelua's claims in his First Amended Complaint based on the doctrine of *res judicata*, which is also referred to as claim preclusion.

> Claim preclusion ... prohibits a party from relitigating a previously adjudicated cause of action. Moreover, the judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and *precludes the relitigation, not only of the issues which were actually litigated in the first action, but also of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided.* The party asserting claim preclusion has the burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question.

Id. at 159, 296 P.3d at 1067 (citation and block format omitted). The Hawaiʻi Supreme Court has emphasized that "public interest staunchly permits every litigant to have an opportunity to try his case on the merits; but it also requires that he be limited to one such opportunity." Ellis, 51 Haw. at 56, 451 P.2d at 822.

In reviewing whether the circuit court correctly granted the Moving Defendants' HRCP Rule 12(b)(6) motion to dismiss, we thus view the allegations in the First Amended Complaint in a light most favorable to Peelua and accept the allegations in the First Amended Complaint as true, while also considering whether the Moving Defendants met their burden of establishing the three requirements necessary for *res judicata* to apply.

Along with addressing the merits of the *res judicata* issue, we must also determine which of the defendants properly raised the issue. As noted, only some of the defendants filed

the Motion to Dismiss. Moreover, some defendants have no allegations asserted against them in the First Amended Complaint.

To complicate matters further, the record indicates that Indymac, GMAC, MERS, and Deutsche Bank were not served with Peelua's original January 21, 2010 complaint or the First Amended Complaint. After the case was removed to the U.S. District Court on February 24, 2010, the circuit court filed an Order of Dismissal on August 24, 2010, dismissing Indymac, GMAC, MERS, and Deutsche Bank from the action for want of service. Peelua subsequently filed a Motion to Set Aside the Order of Dismissal on September 8, 2010. The circuit court held a hearing on September 30, 2010 and a minute order was issued giving Peelua ninety days from that date to serve Indymac, GMAC, MERS, and Deutsche Bank and to stay the proceedings due to the fact that the case was pending in the U.S. District Court. Peelua's counsel was directed to prepare the order, but there is no record of any order. Further, the record does not indicate whether Indymac, GMAC, MERS, and Deutsche Bank were ever served. Both MERS and Deutsche Bank, however, were among the Moving Defendants who filed the Motion to Dismiss.

We therefore address the defendants in appropriate groups.

### A. HFS and Paleka

The First Amended Complaint asserts a variety of allegations and all three counts against HFS and Paleka. The record shows that HFS and Paleka were served, that Paleka filed an answer, but that neither HFS nor Paleka filed a motion to dismiss or joined in the Motion to Dismiss filed by the Moving Defendants. Thus, dismissal of the claims against HFS and Paleka was in error.[6]

### B. Indymac and GMAC

As noted, it appears from the record that Indymac and GMAC were not served with either the original or First Amended

---

[6] HFS and Paleka have not filed any briefs in this appeal.

9

Complaint, and that they did not file or join in the Motion to Dismiss. However, it is unclear what occurred as to the dismissal of these defendants for lack of service (no actual order was issued after Peelua moved to set aside the August 24, 2010 Order of Dismissal). The circuit court's stated basis for dismissing these defendants appears to have been *res judicata*, although they were not movants and, moreover, there are no allegations asserted in the First Amended Complaint against Indymac or GMAC to assess whether *res judicata* applies.

Given the record before us, the questions as to service of process, and that they were not among the Moving Defendants, we cannot agree that dismissal of Indymac and GMAC was proper.

### C. Deutsche Bank

Peelua's original complaint filed in this case asserted, among other things, claims of wrongful foreclosure and ejectment. While the case was removed to the U.S. District Court, that court granted a motion for judgment on the pleadings brought by some of the defendants, including Deutsche Bank. The U.S. District Court dismissed the wrongful foreclosure and ejectment claim, and as it pertained to Deutsche Bank, the court stated that "this claim was a compulsory counterclaim that Plaintiff should have raised in the state court ejectment action such that he is barred from raising it now." Peelua, 2011 WL 1042559 at *10.

In the subsequently filed First Amended Complaint, Deutsche Bank is still identified as a defendant, but there are no allegations asserted against it. We conclude that Deutsche Bank was properly dismissed from this action on the basis that Deutsche Bank was one of the Moving Defendants and the First Amended Complaint contains no allegations against it. With no allegations asserted against Deutsche Bank in the First Amended Complaint, there is no basis upon which to analyze application of *res judicata*, although *res judicata* would clearly bar any claims that were or might have been properly litigated against Deutsche Bank in the Ejectment Action.

10

### D. Impac, MERS, Countrywide and BOA

Impac, MERS, Countrywide and BOA (the Remaining Moving Defendants) are among the Moving Defendants and have claims asserted against them in the First Amended Complaint. As to these Remaining Moving Defendants, therefore, we analyze application of the *res judicata* doctrine to the claims asserted against them.

### 1. Final Judgment on the Merits

There is no doubt that there was a final judgment on the merits in the Ejectment Action given the Hawai'i Supreme Court's opinion in <u>Deutsche Bank</u>, 126 Hawai'i 32, 265 P.3d 1128 and the judgment entered on appeal.

### 2. Privity

The Remaining Moving Defendants were not parties to the Ejectment Action. Therefore, as to the second requirement for *res judicata*, the Remaining Moving Defendants must establish that they were in privity with Deutsche Bank, the only other party in the Ejectment Action against Peelua. Under Hawai'i law, the "concept of privity has moved from the conventional and narrowly defined meaning of 'mutual or successive relationships to the same rights of property' to 'merely a word used to say that the relationship between the one who is a party of record and another is close enough to include that other within the res adjudicata.'" <u>In re Dowsett Trust</u>, 7 Haw. App. 640, 646, 791 P.2d 398, 402 (1990) (some internal quotation marks and brackets omitted). However, a determination of whether parties are in privity requires careful examination of the circumstances of each case. <u>Id.</u>

> Adequate representation of the interests of the nonparty, and <u>proper protection to the rights of the person sought to be bound</u>, are major considerations in privity analysis. Moreover, since res judicata is an affirmative defense . . . the party asserting the defense has the burden of proving adequate representation of the interests and proper protection of the rights of the nonparty in the prior action.

<u>Id.</u> at 646, 791 P.2d at 402-03 (citations, quotation marks, and footnote omitted) (emphasis added).

11

In briefing, the Remaining Moving Defendants assert that Deutsche Bank adequately represented all of their interests in the Ejectment Action and that their rights were afforded proper protection and therefore the privity analysis is satisfied. This self-serving statement cannot serve as a shield to the instant action, especially in the context of a motion to dismiss. When deciding an issue of privity, "current decisions look directly to the reasons for holding a person bound by a judgment." Bush v. Watson, 81 Hawai'i 474, 480, 918 P.2d 1130, 1136 (1996) (citation and block format omitted). Further, in reviewing the allegations in the First Amended Complaint in a light most favorable to Peelua, there is no relationship alleged between Deutsche Bank and any of the Remaining Moving Defendants so as to establish privity.

In the First Amended Complaint, Peelua alleges that Paleka, HFS, Countrywide, and BOA were acting as agents for Impac such that Impac should be held liable for their actions under the respondeat superior and master-servant doctrines. However, there are no allegations in the First Amended Complaint to establish privity beyond the relationship with Impac, or in other words, between Deutsche Bank and the Remaining Moving Defendants.

Further, even taking judicial notice of the record in the Ejectment Action, the Remaining Moving Defendants fail to demonstrate privity with Deutsche Bank in this case. From the transcripts of the trial proceedings in the Ejectment Action, it appears that Deutsche Bank did not attempt to demonstrate how it came to hold the right to conduct the non-judicial foreclosure, because it was Deutsche Bank's position that the only matter at issue during the Ejectment Action was to establish ownership through submission of the pertinent quitclaim deed. The quitclaim deed only reveals that Deutsche Bank granted the property to itself subsequent to the non-judicial foreclosure sale.

Considering the applicable standards for a motion to dismiss, which include viewing the allegations in the First

12

Amended Complaint in a light most favorable to Peelua, the Remaining Moving Defendants have not demonstrated privity between Deutsche Bank and themselves.

### 3. Same Claims Inquiry

As noted above, the First Amended Complaint in this case alleges claims of Negligence and Breach of Fiduciary Duty (Count I), UDAP (Count II), and Fraud (Count III). Peelua's claims against Impac revolve around allegations that HFS and Paleka, as loan brokers and agents of Impac, entered false information in Peelua's loan application to qualify him for proposed loans and that they made knowingly false representations to Peelua, which he relied upon, that he could successfully borrow and repay the monies given his financial condition. In turn, Peelua's claims against BOA and Countrywide rest on allegations that they falsely represented to him that he would be able to reinstate his loan if he submitted $65,000 to escrow, which he did, and then subsequently BOA and Countrywide did not reinstate his loan. Peelua also makes a generalized claim of fraud against MERS. Peelua does *not* claim the foreclosure or Ejectment Action were improper, nor does he claim that title to the property should somehow be restored to him. Plainly, he seeks money damages.

We conclude that the claims asserted in the First Amended Complaint are not the same as those actually litigated in the Ejectment Action and, moreover, they are not claims that should have been litigated in the Ejectment Action.

"It is important to note that res judicata precludes not only the relitigation of claims or defenses that were litigated in a previous lawsuit, but also of all claims and defenses that might have been properly litigated, but were not litigated or decided." Esteban, 129 Hawai'i at 159, 296 P.3d at 1067. The Moving Defendants further point to the general proposition that "[t]o determine whether a litigant is asserting the same claim in a second action, the court must look to whether the 'claim' asserted in the second action arises out of the same

13

transaction, or series of connected transactions, as the 'claim' asserted in the first action." Kauhane v. Acutron Co., 71 Haw. 458, 464, 795 P.2d 276, 279 (1990). As discussed below, although the claims in the Ejectment Action and the claims in this case against Impac, MERS, Countrywide and BOA may all generally relate to Peelua's refinancing of his residence, they are quite distinct claims.

Peelua contends that the claims asserted in the First Amended Complaint were not part of the Ejectment Action because during the prior action, Deutsche Bank "asserted unequivocally on the record that any issues between PEELUA and DEUTSCHE BANK other than the ejectment issues were not part of the [Ejectment Action] and that any such issues would have to be brought by PEELUA in a separate action . . . ." This is, however, the wrong inquiry. Given that res judicata bars "all claims and defenses that might have been properly litigated," Esteban, 129 Hawai'i at 159, 296 P.3d at 1067, the relevant question in the context of the Ejectment Action is whether asserting the First Amended Complaint claims in the Ejectment Action would have precluded the district court from ejecting Peelua from his home; for instance, by raising an issue of title to real estate, so that the district court would not have had jurisdiction over Deutsche Bank's ejectment action. See Albano v. Norwest Fin. Hawaii, Inc., 244 F.3d 1061, 1064 (9th Cir. 2001) (holding that a claim was subject to claim preclusion under Hawai'i law where it should have been litigated in a foreclosure action as a defense that would have precluded foreclosure if meritorious).

In his asserted claims for Negligence/Breach of Fiduciary Duty, UDAP and fraud, Peelua is requesting money damages. He is not making a claim against title or claiming that the foreclosure was improper. Not only do these claims in this case involve different issues of fact and law, they are asserted against different parties who have not established any privity with Deutsche Bank. While the alleged Negligence/Breach of Fiduciary Duty, UDAP and fraud claims stem from events that

14

eventually resulted in Deutsche Bank's writ of ejectment, Peelua did not have a fair opportunity to litigate these claims for money damages in the Ejectment Action.

Moreover, Peelua was not required to bring the Negligence/Breach of Fiduciary Duty, UDAP and/or fraud claims in the Ejectment Action, or to join the Remaining Moving Defendants in the Ejectment Action. Peelua's claims against the Remaining Moving Defendants were not compulsory in the Ejectment Action under DCRCP Rule 13(b)[7] because the Remaining Moving Defendants were not parties to that proceeding. Further, there was no basis to file third-party claims against the Remaining Moving Defendants in the Ejectment Action. DCRCP Rule 14(a) provides that "a defending party, as third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action <u>who is or may be liable to such third-party plaintiff or to the plaintiff for all or part of the plaintiff's claim against the third-party plaintiff</u>." (Emphasis added). In the Ejectment Action, Deutsche Bank (as plaintiff) sought to eject Peelua from his residence, claiming ownership through the non-judicial foreclosure. The money damages claims that Peelua now asserts against the Remaining Moving Defendants do not address title to the property, would have had no import to the claim asserted by Deutsche Bank in the Ejectment Action, and would not have made the Remaining Moving Defendants liable to Deutsche Bank or Peelua "for all or part of [Deutsche Bank's] claim against [Peelua]" in the Ejectment Action.

Accordingly, we conclude that the Remaining Moving Defendants fail to demonstrate the same claim requirement for *res judicata*.

---

[7] DCRCP Rule 13(b) provides:

> **(b) Counterclaims.** A pleading shall state as a counterclaim any claim <u>against an opposing party</u> but the relief shall not exceed the jurisdictional limitations of the court.

(Emphasis added.)

In sum, under the motion to dismiss standard, Remaining Moving Defendants have failed to establish privity with Deutsche Bank, or that the claims asserted by Peelua against them in this case were litigated or might have properly been litigated in the Ejectment Action. They fail to carry their burden to establish that the doctrine of *res judicata* bars the claims against them.

### IV. Conclusion

Based on the foregoing, the June 20, 2012 Judgment entered in the Circuit Court of the Second Circuit is affirmed as to Deutsche Bank. As to all other defendants, the Judgment is vacated and the case is remanded to the circuit court for further proceedings.

DATED: Honolulu, Hawai'i, July 2, 2015.

On the briefs:

James Richard McCarty
for Plaintiff/Appellant

Patricia J. McHenry
Sean M. Smith
(Cades Schutte LLP)
for Defendants-Appellees
Impac Funding Corporation,
Countrywide Home Loans, Inc.,
Countrywide Bank, FSB,
Countrywide Financial Corp.,
Bank of America, Mortgage
Electronic Registration
Systems, Inc., and Deutsche
Bank National Trust Company

Chief Judge

Associate Judge

Associate Judge

16